**2022 IL 127997**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

---

(Docket No. 127997)

DARLENE KLOEPPEL, Champaign County Executive, Appellant, v. THE CHAMPAIGN COUNTY BOARD, Appellee.

*Opinion filed November 28, 2022.*

JUSTICE ANNE M. BURKE delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Neville, Michael J. Burke, Overstreet, Carter, and Holder White concurred in the judgment and opinion.

**OPINION**

¶ 1    At issue in this appeal is whether, in an Illinois county with a county executive form of government, the power to appoint a person to fill a vacancy in an elected county office resides with the county executive or the chair of the county board. The appellate court held that the power resides with the chair of the county board.

2021 IL App (4th) 210091. We affirm.

¶ 2                                    BACKGROUND

¶ 3        Under article 2 of the Counties Code (55 ILCS 5/art. 2 (West 2016)), county governments may generally take one of three forms: the township form (*id.* art. 2, div. 2-1), the commission form (*id.* art. 2, div. 2-4), or the county executive form (*id.* art. 2, div. 2-5). In the township form of government, the county is governed by an elected county board, headed by a board chair who is either selected by the board from among its members (*id.* § 2-1003) or elected directly by the voters of the county (*id.* § 2-3007). The county board in this form of government has both legislative and administrative duties (*In re Appointment of Special State's Attorney*, 2020 IL App (2d) 190845, ¶ 30), and the chair of the board functions as both a legislative and executive leader.

¶ 4        Prior to 2016, Champaign County was organized under a township form of government, with a board chair selected by the county board from among its members, pursuant to section 2-1003 (55 ILCS 5/2-1003 (West 2016)). The board chair performed many executive functions and appointed individuals to fill vacancies in both elected and nonelected positions, with the advice and consent of the county board.

¶ 5        In 2016, the people of Champaign County approved a referendum to change their form of county government to the county executive form. See *id.* art. 2, div. 2-5. In this form of government, a county executive, elected by the citizens of the county, serves as the county's "chief executive officer." *Id.* § 2-5003(b). The responsibilities and duties of the county executive are set forth by statute (*id.* § 2-5009), and the office is entirely separate from the county board, which acts as "the legislative body" (*id.* § 2-5003(c)) for the county.

¶ 6        At the 2018 general election, plaintiff Darlene Kloeppel was elected to serve as Champaign County executive. Following her election, defendant Champaign County Board continued to select one of its members as chair of the board. Thereafter, when vacancies arose in elected county offices, including the office of county treasurer and positions on the county board, the vacancies were filled by the

- 2 -

chair of the county board, as they had been prior to the change in the form of county government. Vacancies in nonelected county positions were filled by plaintiff.

¶ 7 On June 19, 2020, plaintiff filed a declaratory judgment action in the circuit court of Champaign County in which she alleged that the chair of the Champaign County Board had usurped her authority as Champaign County executive by filling the vacancies in the county treasurer and county board positions. In so arguing, plaintiff acknowledged that section 25-11 of the Election Code (10 ILCS 5/25-11 (West 2016)) states that vacancies in elected county offices "shall be filled *** by the chairman of the county board." Plaintiff maintained, however that the position of county board chair does not exist in a county executive form of government and, therefore, section 25-11 had no application to the government of Champaign County. Plaintiff also pointed to section 2-5009(d) of the Counties Code (55 ILCS 5/2-5009(d) (West 2016)), which states that a county executive has the power to "appoint *** persons to serve on the various boards and commissions to which appointments are provided by law to be made by the board." Plaintiff alleged that, when this provision was read in light of the Counties Code as a whole, it was clear that the county executive was the proper official to fill vacancies in elected county offices.

¶ 8 Defendant, in response, asserted that the county board chair had not usurped the power of the county executive by filling vacancies in elected county positions. Defendant maintained that, under the plain language of section 25-11 of the Election Code, the power to fill vacancies in elected county positions resides with the chair of a county board.

¶ 9 Following a hearing, the circuit court granted summary judgment in plaintiff's favor. On appeal, the appellate court reversed. 2021 IL App (4th) 210091. The appellate court agreed with defendant that the plain language of section 25-11 of the Election Code grants the power to fill vacancies in elected county offices to the chair of the county board.

¶ 10 This court subsequently allowed plaintiff's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Oct. 1, 2021). We also allowed Will County to file an *amicus curiae* brief in support of plaintiff's position.

¶ 12        The sole issue presented in this appeal is whether, in a county with a county executive form of government, the power to appoint a person to fill a vacancy in an elected county office resides with the county executive or the chair of the county board. Because this is an issue of statutory interpretation, our review is *de novo*. *People v. Eppinger*, 2013 IL 114121, ¶ 21.

¶ 13        Defendant contends that the authority to fill a vacancy in an elected county office lies with the chair of a county board and, in support, points to section 25-11 of the Election Code (10 ILCS 5/25-11 (West 2016)). This provision states:

> "When a vacancy occurs in any elective county office, *** the county board or board of county commissioners shall declare that such vacancy exists and notification thereof shall be given to the county central committee or the appropriate county board or board of county commissioners district committee of each established political party within 3 days of the occurrence of the vacancy. *The vacancy shall be filled within 60 days by appointment of the chairman of the county board* or board of county commissioners with the advice and consent of the county board or board of county commissioners. *** The appointee shall be a member of the same political party as the person he succeeds was at the time of his election and shall be otherwise eligible to serve. The appointee shall serve the remainder of the unexpired term. However, if more than 28 months remain in the term, the appointment shall be until the next general election at which time the vacated office shall be filled by election for the remainder of the term. In the case of a vacancy in a seat on a county board or board of county commissioners which has been divided into districts under Section 2-3003 or 2-4006.5 of the Counties Code, the appointee must also be a resident of the county board or county commission district." (Emphasis added.) *Id.*

¶ 14        Plaintiff, in response, does not dispute that, "on its face," section 25-11 expressly indicates that the chair of a county board is granted the authority to fill vacancies in elected county offices with the advice and consent of the board. Nevertheless, plaintiff asserts that section 25-11 is of no moment here because in a county such as Champaign County, with an executive form of government, there is no statutorily authorized position of "chair" of a county board. Plaintiff offers two

main points in support of this contention, the first of which is textual, the second functional.

¶ 15        Plaintiff first notes that the different forms of county government authorized under Illinois law are each set forth in different divisions of article 2 of the Counties Code. Plaintiff then observes that both division 2-1, which defines the township form of government, and division 2-4, which defines the commission form of government, contain provisions governing the selection of a county board chair. See 55 ILCS 5/2-1003, 2-4003 (West 2016). In contrast, division 2-5, which defines the county executive form of government, does not contain its own provision addressing the selection of a county board chair. From this, plaintiff maintains that a statutorily authorized office of "chair" of a county board does not exist in a county with a county executive form of government. Thus, according to plaintiff, section 25-11 is inapplicable in this case because the legislature could not have intended to give the power of appointment "to a nonexistent office." We disagree.

¶ 16        Nothing in division 2-5 of article 2 of the Counties Code indicates that its provisions are exclusive or entirely self-contained, or that a county board established under a county executive form of government may ignore applicable provisions of the Counties Code that exist outside of division 2-5. Section 2-1003 states, in plain terms, that a "county board shall, unless the chairman is elected by the voters of the county *** choose one of its members as chairman." *Id.* § 2-1003. This language is clear and unequivocal, and no provision in the Counties Code indicates that a county board is free to disregard it.

¶ 17        Plaintiff also maintains, however, that when the functions of a county executive and county board chair are considered, it does not make sense to read section 2-1003 as requiring the selection of a board chair in a county organized under a county executive form of government. Plaintiff notes that, in a township or commission form of government, the chair of the county board acts as the county's *de facto* executive official because there is no separate executive branch or executive leader. In a county executive form of government, in contrast, the county executive serves that role and acts as the county's "chief executive officer." *Id.* § 2-5003(b). Plaintiff thus contends there is no need for a county board chair under a county executive form of government and that the legislature could not have intended for a county to

have, in effect, two executive officers with potentially conflicting authority. Again, we disagree.

¶ 18    The General Assembly has mandated that every county board have a board chair. However, the function of the chair will differ depending on the nature of the county government. Where there is no separate county executive, the chair of the board will necessarily serve an executive role. But where, as here, there is a separate county executive, the chair will not. The legislature has made this point clear by expressly stating that, in a county executive form of government, the county board acts as "the legislative body." *Id.* § 2-5003(c). It follows, therefore, that in a county executive form of government, the chair of a county board serves as a legislative leader only. The chair of the board may not exercise the executive powers given to the county executive. See *id.* § 2-5009. Accordingly, there is no conflict between the functions of the county executive and the board chair and no reason why section 25-11 may not be given effect here.

¶ 19    Plaintiff further contends, however, that the county executive's power to fill vacancies in elected county offices may be found in section 2-5009(d) of the Counties Code (*id.* § 2-5009(d)). This provision states that a county executive has the power to "appoint *** persons to serve on the various boards and commissions to which appointments are provided to be made by the board." *Id.*

¶ 20    Plaintiff stresses that section 2-5009(d) is broadly worded and maintains that nothing in the language of the provision limits the power of the county executive to fill vacancies in nonelective positions. Further, plaintiff points out that section 2-5009(d) was enacted after section 25-11 of the Election Code. Citing the canon of statutory interpretation holding that, when two statutes are in conflict, the one which was enacted later should prevail (see, *e.g.*, *Village of Chatham v. County of Sangamon*, 216 Ill. 2d 402, 431 (2005)), plaintiff maintains that the broad language of section 2-5009(d) cannot be reconciled with section 25-11 and that section 2-5009(d) should, therefore, take precedence. We reject this argument for two reasons.

¶ 21    First, section 2-5009(d) and section 25-11 are not in conflict. Section 2-5009(d) does not say that a county executive has the power to fill vacancies in elected county offices. Indeed, the statute cannot be read as granting that power. Many elected county offices, such as county treasurer, are not part of a "board or commission,"

yet that is the sole appointment power referenced in the statute. We think it clear, therefore, that section 2-5009(d) simply gives the county executive the authority to fill vacancies in nonelected county positions. Read this way, there is no conflict between section 2-5009(d) and section 25-11. See, *e.g.*, *Barragan v. Casco Design Corp.*, 216 Ill. 2d 435, 441-42 (2005) ("Where two statutes are allegedly in conflict, a court has a duty to interpret the statutes in a manner that avoids an inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible.").

¶ 22        Second, even if there were a conflict between the two provisions, section 25-11 would have to take precedence as the more specific provision. "[I]t is a commonplace of statutory construction" that, when two conflicting statutes cover the same subject, "the specific governs the general." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384-85 (1992) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). This canon of statutory interpretation "is perhaps most frequently applied to statutes in which a general permission or prohibition is contradicted by a specific prohibition or permission. To eliminate the contradiction, the specific provision is construed as an exception to the general one." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012). In this case, section 25-11 is the more specific provision, and to the extent it conflicts with section 2-5009(d), section 25-11 musty be given effect. And this is true even though section 2-5009(d) is the more recently enacted statute:

> "[T]he canon that the specific governs the general holds true ' "regardless of the priority of enactment." ' *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976) (quoting *Morton v. Mancari*, 417 U.S. 535, 550-51 (1974)); 82 C.J.S. *Statutes* § 482 (2010) ('The more specific of two statutes dealing with a common subject matter generally will prevail whether it has been passed before or after the more general statute.'). Indeed, because repeals by implication are disfavored, the canon that the specific governs the general applies with special force where, as here, the earlier provision is specific and the later, general provision makes no mention of the earlier provision. As this court has stated, 'a later statute general in its terms and not expressly repealing the prior special statute will ordinarily not affect the special provisions of the earlier statute.' *People ex rel. Atwell Printing & Binding Co. v. Board of Commissioners*, 345

Ill. 172, 178, (1931); *Morton*, 417 U.S. at 549-51." *People ex rel. Madigan v. Burge*, 2014 IL 115635, ¶ 32.

¶ 23 Section 2-5009(d) does not repeal section 25-11 or even mention the provision. We decline to hold that the plain terms of section 25-11 have been repealed by implication by section 2-5009(d).

¶ 24 Finally, plaintiff contends that the power to make appointments is traditionally considered an executive power and that it is therefore "appropriate" for the county executive, as the chief executive officer of the county, to wield that power. Plaintiff does not assert, however, that the legislature is constitutionally prohibited from granting appointment authority to a county legislative leader. Here, under the plain terms of section 25-11 of the Election Code, the power of appointment resides with the chair of the Champaign County Board. We are not free to disregard that language. See, *e.g.*, *Lawrence v. Regent Realty Group, Inc.*, 197 Ill. 2d 1, 11 (2001) (courts may not rewrite statutes to make them consistent with their own ideas of orderliness and public policy).

¶ 25                                       CONCLUSION

¶ 26 For the foregoing reasons, the judgment of the appellate court is affirmed.

¶ 27 Appellate court judgment affirmed.

¶ 28 Circuit court judgment reversed.